Escobar & Associates Law Firm
Christy Brad Escobar
150 North Durango Drive Suite 230
Las Vegas, NV 89145
Office: (702)304-8260
Fax: (702)304-8265
Cell: (702)524-7058

*Attorneys for Plaintiff Mingliang Yang and Yawen Chen*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

-----------------------------------------------------------------X

MINGLIANG YANG and YAWEN CHEN,         **PLAINTIFFS' COMPLAINT**

                              Plaintiffs,         **CIVIL ACTION**

    -against-
                                 **CASE NUMBER: 2:21-cv-01846-JAD-VCF**

ECLIPSE THEATER LAS VEGAS, L.P.;
ECLIPSE THEATER LV (LAS VEGAS) LLC;
ECLIPSE THEATER LLC; and ECLIPSE THEATERS
DEVELOPMENT GROUP LLC,

                              Defendants.

-----------------------------------------------------------------X

       Plaintiffs MINGLIANG YANG ("Yang") and YAWEN CHEN ("Chen") (collectively "Plaintiffs"), by and through their undersigned counsel, for their Verified Complaint for inspection of books and records pursuant to 8 *Del. C.* §220 against Defendants ECLIPSE THEATER LAS VEGAS, L.P. ("Eclipse LP"); ECLIPSE THEATER LV (LAS VEGAS) LLC ("Eclipse LLC"); ECLIPSE THEATER LLC ("Eclipse Theater"); and ECLIPSE THEATERS DEVELOPMENT GROUP LLC ("Eclipse Development") (collectively "Defendants"), hereby allege as follows, upon information and belief:

### PARTIES

1. Plaintiff Yang is an individual, and is resident in the People's Republic of China.

1

2. Plaintiff Chen is an individual, and resident in the State of New York.

3. Defendant Eclipse LP is a limited partnership which is resident in the State of Delaware, and which is licensed to do business in the State of Nevada.

4. Its registered address in the State of Nevada is 3773 Howard Hughes Pkwy Ste 500S, Las Vegas, NV, 89169.

5. Its general partner is Defendant Eclipse Theater LLC.

6. Defendant Eclipse LLC is a Nevada limited liability company with a registered Nevada address of 3773 Howard Hughes Pkwy, Ste. 500S, Las Vegas, NV, 89169.

7. Defendant Eclipse LLC was formerly located at 814 S 3rd St, Las Vegas, NV 89101.

8. Defendant Eclipse Theater is a Nevada limited liability company with a registered Nevada address of 3773 Howard Hughes Pkwy Ste. 500S, Las Vegas, NV, 89169.

9. Defendant Eclipse Development is a Nevada limited liability company with a registered Nevada address of 3773 Howard Hughes Pkwy, Ste. 500S, Las Vegas, NV, 89169.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 (diversity jurisdiction), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

11. This Court has supplemental jurisdiction over and as to all related and state law claims pursuant to 28 U.S.C. §1367.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## BACKGROUND & FACTUAL ALLEGATIONS

13. Plaintiffs are individual investors who invested large sums with the Defendant business entities in exchange for immigration opportunities, in accordance with the rules and regulations set forth in the EB-5 Immigrant Investor Program by the United States Citizenship and Immigration Services ("USCIS").

14. Each of the Plaintiffs invested no less than $500,000. On top of that, each of the Plaintiffs also made other payments for related fees and costs.

15. The primary entity involved in the aforementioned EB-5 program was Defendant Eclipse Theater Las Vegas LP, as evidenced by K-1 Forms and other documentation provided to Plaintiffs.

16. Nevertheless, upon information and belief, all of the remaining Defendant business entities are related and are managed and/or controlled and/or operated by the same individual(s) or entities.

17. Defendants were initially in the business of operating an in-person luxury movie theater located at 814 South 3rd Street, Las Vegas, Nevada, 89101.

18. This theater first opened in December 2016, and appeared to be doing well financially.

19. In the Spring of 2018, Eric Steele, the head of the aforementioned project, planned to expand by opening another Las Vegas location.

20. However, shortly thereafter, before another location could be opened, his companies began to experience severe legal issues.

21. For example, one of the project's contractors - United SS Fabricators - sued the theater in May 2017, alleging it was owed $46,900.

22. Then, in October 2017, another contractor called LTSA sued Eclipse, alleging it was owed at least $25,000.

23. Thereafter, in January 2018, the theater's mortgage-holder sought a court-appointed receiver to take charge of the property.

24. Additionally, L33t Gaming sued Eric Steele and the theater in June 2018, alleging it was owed more than $204,000 for a loan and more than $1.2 million for selling furniture, fixtures and equipment to the theater.

25. Caesars Entertainment's Chief Information Officer, Les Ottolenghi, also sued Steele and the theater.

26. According to court papers, he issued $80,000 in refinancing funds but did not receive any payments by the time the loan matured.

27. Ottolenghi was awarded more than $92,000, as well as attorney fees and costs.

28. The theater was named in many lawsuits and it was left to defend against foreclosure proceedings in 2019 after its $7.5 Million construction loan went into default status.

29. However the foreclosure was pushed off at the last moment in April 2019 by the entity that would have foreclosed.

30. Due to all of these financial and legal issues, a new theater called Art Houz Theaters has now taken the place of Eclipse Theaters.

31. After the theater closed, the new theater partially modernized and modified the décor, and now serves as a venue for movies, art, and corporate events. The theater opened up fully recently in June 2021.

32. Eclipse Theaters now appears to be focusing on streaming services.

33. Upon information and belief, all of the Defendant business entities are interrelated and

intermingled with each other. One or more of the Defendant business entities appear to have judgments entered against them as a result of their ownership, management, and/or control of the aforementioned luxury movie theater.

## NATURE OF THE ACTION

34. Plaintiffs made substantial financial investments in Defendant Eclipse Theater Las Vegas, LP in connection with the EB-5 project relating to the luxury movie theater located at 814 S 3rd St, Las Vegas, NV 89101.

35. As set forth above, since the point in time when Plaintiffs made their investments, much has happened with regard to the viability, and eventual, decline, of the aforementioned luxury movie theater.

36. Nevertheless, and despite multiple good-faith efforts to inquire about the status and health of their financial investments, Plaintiffs have been kept in the dark by Defendants in response to such inquiries.

37. Upon information and belief, Defendants have misappropriated funds, including, but not limited to, those funds invested by Plaintiffs.

38. Plaintiffs have sought, and continue to seek, information from the Defendant business entities, and those individuals related to same, which would provide answers to Plaintiffs' legitimate questions regarding the large sums of monies invested.

39. Both Nevada law and Delaware law obligate Defendants to provide Plaintiffs with the information they requested.

40. For example, a Nevada stockholder's right to information about a corporation's business is established in Nevada Revised Statutes (NRS) §78.105 and §78.257.

41. A demand pursuant to NRS §78.105 must give the corporation at least five days' notice.

42. Additionally, NRS §78.257 permits an inspection and audit of a corporation's "books of account" and "financial records".

43. Similarly, the Delaware counterpart provides similar expansive rights to individuals such as Plaintiffs.

44. Delaware General Corporate Law (DGCL) §220 allows for the broad inspection of a company's books and records.

45. Thus, after not having received clear and unambiguous answers as to the current status and viability of their EB-5 program investments, Plaintiffs made extensive good-faith efforts to obtain updates.

46. These efforts included oral and written communications with the individuals associated with their EB-5 investments.

47. Most recently, on or about July 20, 2021, Plaintiffs sent, via Fedex and email, a formal demand to inspect books and records to Defendant Eclipse Theater Las Vegas, L.P. in order for them to be able to properly investigate the financial transactions that took place between the point in time when they began investing and the present. **Exhibit A**

48. In that letter, Plaintiffs demanded the inspection and/or production of the following:

    a. All books and records dated or created during the Relevant Period (January 1, 2017 to present) related to any proceedings of Eclipse Las Vegas and/or its Board and/or a committee of its Board. This request included, but was not limited to, minutes of meetings, and all records of financial transactions, including, but not limited to, the receipt and expenditure of investment monies.

    b. All books and records dated or created during the Relevant Period related to Eclipse Las Vegas and the movie theater, including, but not limited to, its

    financial statements, proxy statements, and other filings with the Securities and Exchange Commission, the Internal Revenue Service, the State of Delaware, and the State of Nevada.

   c. All books and records dated or created during the Relevant Period related to Eclipse Las Vegas and the movie theater, including, but not limited to, its financial statements, proxy statements, and other filings with the Securities and Exchange Commission, the Internal Revenue Service, the State of Delaware, and the State of Nevada.

   d. All books, records, and other documents dated or created during the Relevant Period related to the operation, termination, and demise of the Movie Theater; and

   e. All other books and records dated or created during the Relevant Period related to the use and allocation of all investors' funds in connection with the movie theater.

49. As further set forth in that letter, Plaintiffs' demand was being made in good faith and for multiple proper purposes.

50. First, it would enable Plaintiffs investigate corporate mismanagement, waste, or wrongdoing in connection with the movie theater, including but not limited to, determining whether Eclipse Las Vegas's officers and/or directors had properly discharged their fiduciary duties to the investors and stockholders.

51. Second, it would allow Plaintiffs to investigate whether Eclipse Las Vegas accurately and properly disclosed to its investors and stockholders all relevant and timely

information relating to the movie theater.

52. Third, it would allow Plaintiffs to obtain information to determine whether or not Eclipse Las Vegas's officers and/or directors were independent and disinterested, and whether they have acted in good faith

53. Fourth, it would allow Plaintiffs to take any appropriate action in the event that any wrongdoing was revealed.

54. All of the foregoing purposes were, and are, reasonably related to Plaintiffs' interests as investors.

55. Despite much time having elapsed between transmission of the letter, none of Defendants have responded orally or in writing to said letter.

56. Plaintiffs were thus left with no choice but to file the within action to enforce their rights to inspect Defendants' books and records.

### COUNT I
### (Inspection of Books and Records Under 8 *Del. C.* §220)

57. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

58. Pursuant to Section 220, Plaintiffs made a demand for books and records on Defendant companies on or about July 20, 2021.

59. None of the Defendant companies have ever responded or raised any objection to Plaintiffs' letter.

60. The demand seeks a narrowly-focused set of documents sufficient to achieve Plaintiffs' purposes in making the demand, and it states multiple proper purposes for requesting

the books and records of the Defendants, all of which are reasonably related to Plaintiffs' interests as investors.

61. The Defendants were obligated to respond to the demand within five business days, but they failed (and continue to fail) to do so.

62. Plaintiffs are entitled to inspect and copy the demanded information.

63. Plaintiffs have no adequate remedy at law.

## COUNT II
### (Inspection of Books and Records Under NRS §78.105 and §78.257)

64. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

65. Pursuant to NRS §78.105 and §78.257, Plaintiffs made a demand for books and records on Defendant companies on or about July 20, 2021.

66. None of the Defendant companies have ever responded or raised any objection to Plaintiffs' letter.

67. The demand seeks a narrowly-focused set of documents sufficient to achieve Plaintiffs' purposes in making the demand, and it states multiple proper purposes for requesting the books and records of the Defendants, all of which are reasonably related to Plaintiffs' interests as investors.

68. The Defendants were obligated to respond to the demand within five business days, but they failed (and continue to fail) to do so.

69. Plaintiffs are entitled to inspect and copy the demanded information.

70. Plaintiffs have no adequate remedy at law.

## COUNT III

### (Declaratory Judgment)

71. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

72. There exists a definite and concrete legal controversy between Plaintiffs and Defendants as it relates to Plaintiffs' investments and Defendants' obligations flowing from receipt of same.

73. As a result, Plaintiffs are entitled to a declaratory judgment from the Court declaring each of the Plaintiffs' interest in the Defendant entities and the obligations that each of the Defendant entities have toward Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order:

A. Entering judgment in favor of Plaintiffs and against the Defendants;

B. Declaring the interest that each of the Plaintiffs has in the each of the Defendant entities;

C. Declaring that the Plaintiffs' demand complied with the requirements of DGCL §220;

D. Declaring that the Plaintiffs' demand complied with the requirements of NRS §78.105 and §78.257;

E. Summarily ordering Defendants to produce the books and records sought in the Demand;

F. Summarily ordering Defendants to provide a log of all documents withheld based on any claim of privilege or immunity from production and retaining jurisdiction to

consider any challenge to those assertions of privilege or immunity from production;

G. Awarding to Plaintiffs the costs and disbursements of this action, including reasonable attorney fees, expert fees, costs, and expenses; and

H. Awarding such other and further relief as the Court deems just and proper.

Dated: Metuchen, NJ
October 5th, 2021

Escobar & Associates Law Firm
Christy Brad Escobar
150 North Durango Drive Suite 230
Las Vegas, NV 89145
Office: (702) 304-8260
Fax: (702) 304-8265
Cell: (702) 524-7058
*Attorneys for Plaintiffs*

# EXHIBIT A



**WANG, GAO**
—— & ASSOCIATES, P.C. ——
ATTORNEYS AT LAW

📍 36 Bridge Street Metuchen, NJ 08840
📞 (732) 767-3020   📠 (732) 352-1419
🌐 www.wanggaolaw.com
✉ info@wanggaolaw.com

July 20, 2021

**VIA FEDERAL EXPRESS**
Eclipse Theater Las Vegas, L.P.
3773 Howard Hughes Pkwy, Ste. 500S
Las Vegas, NV, 89169

Eclipse Theater Las Vegas, L.P.
11700 W. Charleston Blvd., #170-124
Las Vegas, NV, 89135

**DEMAND TO INSPECT BOOKS AND RECORDS OF ECLIPSE THEATER LAS VEGAS, LP**

*Re: Demand To Inspect Books And Records Pursuant To The Delaware General Corporation Law § 220*

Dear Sir/Madam:

This firm represents Mingliang Yang & Yawen Chen, two individuals who have made substantial financial investments in Eclipse Theater Las Vegas, LP (hereinafter "Eclipse Las Vegas") in connection with an EB-5 project relating to the luxury movie theater located at 814 S 3rd St, Las Vegas, NV 89101 (hereinafter the "Movie Theater"). Since the point in time when Yang and Chen made their investments, much has happened with regard to the viability, and eventual, decline, of the Movie Theater. Accordingly, pursuant to Delaware's General Corporation Law § 220 ("Section 220"), on behalf of our clients, the investors, and in order for them to be able to properly investigate the financial transactions that took place between the point in time when they began investing and the present, the undersigned now makes the within demand on their behalves.

The undersigned hereby demands that you produce the following books and records during usual business hours for inspection and copying. The relevant time period for this Demand is from January 1, 2017 through the present (the "Relevant Period"). The information sought by this Demand includes:

1. All books and records dated or created during the Relevant Period related to any proceedings of Eclipse Las Vegas and/or its Board and/or a committee of its Board. This request includes, but is not limited to, minutes of meetings, and all records of financial transactions, including, but not limited to, the receipt and expenditure of investment monies.

2. All books and records dated or created during the Relevant Period related to Eclipse

1

> Las Vegas and the Movie Theater, including, but not limited to, its financial statements, proxy statements, and other filings with the Securities and Exchange Commission, the Internal Revenue Service, the State of Delaware, and the State of Nevada.
>
> 3. All books, records, and other documents dated or created during the Relevant Period related to the operation, termination, and demise of the Movie Theater.
> 4. All other books and records dated or created during the Relevant Period related to the use and allocation of all investors' funds in connection with the Movie Theater.

For purposes of this Demand, the term "books and records" shall mean and include all paper or electronic documents and records, including, but not limited to, all memoranda, letters, minutes, resolutions, invoices, agreements, ledgers, reports, emails, transcripts, statements, instant messages, files, database records, spreadsheets, photographs, and audio or video recordings, whether in the files of individuals, shared files, computer hard drives, network drives, optical storage disks, tape backups, flash drives, or any other storage device or medium, whether sent, received, created, or collected by Eclipse Las Vegas, or by any of its officers, directors, employees, or agents. Additionally, the term "books and records" shall include all of the documents and records indicated above that are in the custody, possession, or control of Eclipse Las Vegas or its agents. The above list is not meant to be exclusive, but instead sets forth by example the types of materials that should be made available.

This Demand is being made in good faith and for a proper purpose to enable Mingliang Yang & Yawen Chen to : (1) investigate corporate mismanagement, waste, or wrongdoing in connection with the Movie Theater, including but not limited to, determining whether Eclipse Las Vegas's officers and/or directors have properly discharged their fiduciary duties to the investors and stockholders; (2) investigate whether Eclipse Las Vegas accurately and properly disclosed to its investors and stockholders all relevant and timely information relating to the Movie Theater; (3) obtain information to determine whether or not Eclipse Las Vegas's officers and/or directors were independent and disinterested, and whether they have acted in good faith; and (4) to take any appropriate action in the event that any wrongdoing is revealed. These purposes are reasonably related to Mingliang Yang's and Yawen Chen's interests as investors.

Please respond to this Demand by contacting me within five business days after the date of receipt of this Demand to advise when and where the items demanded will be made available for inspection and copying. We believe that this Demand complies with the provisions of Section 220 in all material respects. If Eclipse Las Vegas believes that this Demand is incomplete or otherwise deficient in any respect, or if all of the items requested above cannot be made available to us within the time frame requested, please contact me immediately in writing. Such correspondence shall set forth the facts that Eclipse Las Vegas contends support its position, and shall specify, as appropriate, any additional information believed to be required, so that any purported deficiencies may be addressed promptly. In the absence of such notice, we will assume that Eclipse Las Vegas agrees that this Demand complies in all respects with the requirements of Section 220. Mingliang Yang and Yawen Chen reserve the right to withdraw or modify this Demand at any time.

Please be guided accordingly.

Sincerely,

_____
**WANG GAO & ASSOCIATES, P.C.**
By: Heng Wang, Esq.
By: Jacob Tebele, Esq.

3